IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN MCCONVILLE, *ET AL.*, | ) | |
| | ) | Case No. 5:22-cv-01277 |
| Plaintiffs, | ) | |
| | ) | Judge Dan Aaron Polster |
| v. | ) | |
| | ) | OPINION AND ORDER |
| POWER HOME SOLAR, LLC, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are four motions that were pending when the Clerk of Court reassigned this case to the Court approximately one month ago. This case stems from the defendants' business operation that allegedly used false promises, deceptive advertisement, and pressured sales tactics to sell the plaintiffs overpriced and defective residential solar panels. The defendants' three separate motions to dismiss (ECF Docs. 31, 32, 43) and the plaintiffs' motion for limited discovery (ECF Doc. 34) are now ripe. The focus of this opinion and order is Trivest Partners, L.P.'s ("Trivest") motion to dismiss under the first-to-file rule. ECF Doc. 43. For the following reasons, the Court <u>DENIES</u> Trivest's motion to dismiss (ECF Doc. 43) and *sua sponte* <u>TRANSFERS</u> this case to the Eastern District of Michigan under 28 U.S.C. § 1404(a), where the related class action case is pending. The Court <u>DISMISSES WITHOUT PREJUDICE</u> the parties' remaining motions.

<u>Background</u>

The plaintiffs are Sean and Sara McConville ("Mr. and Mrs. McConville") of Streetsboro, Ohio. ECF Doc. 30. The three defendants are GoodLeap, LLC (f/k/a/ Loanpal) ("GoodLeap"); Jayson Waller ("Mr. Waller"); and Trivest. *Id.*

In 2020, the plaintiffs bought a solar system for their home from a solar panel company called Power Home Solar (d/b/a Pink Energy) ("Pink Energy"). *Id.* at ¶ 11. They paid approximately $47,000. *Id.* at ¶ 22. In October 2022, Pink Energy filed for Chapter 7 bankruptcy. *Id.* at ¶ 3. GoodLeap was a California company that provided financing to Mr. and Mrs. McConville to buy the solar panels. *Id.* at ¶ 4. Mr. Waller was Pink Energy's founder and Chief Executive Officer. *Id.* at ¶ 8. Trivest is a private equity company that invested in the now defunct Pink Energy. *Id.* at ¶ 5. The plaintiffs allege that the defendants pressured them to buy overpriced solar panels, using "pressured hard-sell sales tactics" and "false, fraudulent, and misleading representations." *Id.* at ¶¶ 23, 24, 48. Ultimately, the solar panels were "never fully or consistently activated," failed to produce the kilowatt hours for which they contracted, and caused the plaintiffs to incur financial damages. *Id.* at ¶¶ 73, 74, 78, 88.

The plaintiffs allege the following counts against all three defendants: Breach of Contract (Count 1); Fraudulent Misrepresentation (Count 2); Negligent Misrepresentation (Count 3); Fraud in the Inducement/Execution (Count 4); Negligent Selection/Retention/Training (Count 7); Breach of Warranty (Count 8); Violations of Ohio Consumer Protection Act (Count 9); Civil Conspiracy (Count 10); Negligence (Count 11); and Punitive Damages Claim (Count 13). ECF Doc. 30. In Counts 5, 6, and 12, the plaintiffs seek declaratory judgment to void the loan's and the sales agreement's contractual clauses that pertain to arbitration and the limitation of liability. *Id.*

Procedural History

This case is related to two other cases that are relevant to the first-to-file rule analysis. The first is a class action suit entitled *Aaron Hall, et al., v. Trivest Partners L.P., et al.*, (EDMI Case no. 4:22-cv-12743-FKB-CI). The plaintiffs in *Hall v. Trivest* filed a class action complaint

2

in the Eastern District of Michigan (EDMI) on November 13, 2022.  ECF Doc. 1 (EDMI Case no. 4:22-cv-12743-FKB-CI).  The three defendants in the class action complaint are Trivest, Mr. Waller, and TGIF Power Home Investor, LLC (later known as Pink Energy).  *Id.*  The class action complaint arose from the same business operation at issue in this case that "ostensibly" sold and installed home solar systems, but "was fundamentally an instrument of fraud and deception."  *Id.* at ¶¶ 1, 2.

The plaintiffs in the class action suit allege the following counts against all three defendants: Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962(a) and (c)) (Count 1); Conspiracy to Violate Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(d)) (Count 2); and Violations of the Michigan Consumer Protections Act (Count 3).  ECF Doc. 1 (EDMI Case no. 4:22-cv-12743-FKB-CI).  The putative class, which the court has not yet certified, includes "All persons in the United States who purchased a home solar system from Power Home Solar, LLC (including d/b/a/ Pink Energy) at any time since January 1, 2018."  *Id.* at ¶ 116.  On February 15, 2023, Trivest and TGIF Power Home Investor filed a joint motion to dismiss.  ECF Doc. 17 (EDMI Case no. 4:22-cv-12743-FKB-CI).  A video conference hearing on the defendants' motion to dismiss is scheduled for August 2, 2023 at 10:00 am.  ECF Doc. 21 (EDMI Case no. 4:22-cv-12743-FKB-CI).

The second case is *Davis v. Tech. Credit Union*, 2023 U.S. Dist. LEXIS 79355 (N.D. Ohio May 5, 2023), which contained nearly identical facts, allegations, and defendants as this case.  *Davis v. Tech. Credit Union* arose from the same alleged solar panel scheme as the Michigan class action suit and this case.  The four defendants in *Davis v. Tech. Credit Union* were Mr. Waller, Trivest, and two financial institutions that financed the plaintiff's purchase, Technology Credit Union and Sunlight Financial, LLC.  ECF Doc. 1 (Case no. 5:22-cv-02206).

3

The plaintiff asserted the same thirteen causes of action, in the same order, as those asserted in this case. *Id.*

The plaintiff in *Davis v. Tech. Credit Union* filed her complaint on December 8, 2022, approximately one month after the Michigan class action complaint was filed. ECF Doc. 1 (Case no. 5:22-cv-02206). In May 2023, the Court granted in part and denied in part Trivest's motion to dismiss and dismissed the plaintiff's case without prejudice under the first-to-file rule. ECF Docs. 5, 16 (Case no. 5:22-cv-02206). The following month, the Court denied the plaintiff's motion to amend judgment. ECF Doc. 23 (Case no. 5:22-cv-02206).

The Court turns to this case. On July 19, 2022, the plaintiffs filed their complaint, which named three defendants: GoodLeap, Mr. Waller, and Pink Energy. ECF Doc. 1. Trivest was not a defendant in the original complaint. *Id.* The case was initially assigned to Judge Christopher A. Boyko, but in September 2022, the Clerk of Court reassigned the case to Judge David A. Ruiz, who presided over the matter until he recused himself in June 2023. ECF Non-Doc. Order, 07/20/2022; ECF Doc. 4.

Following Pink Energy's bankruptcy proceeding, Judge Ruiz stayed the proceedings as to Pink Energy, effective October 7, 2022. ECF Doc. 25. During October through December 2022, the parties filed several motions related to dismissal, compelling arbitration, preliminary injunctions, conducting limited discovery, and amending the complaint. ECF Docs. 6, 8, 18, 22, 28. In December 2022, Judge Ruiz granted the plaintiffs' motion for leave to amend their complaint and denied as moot the other pending motions. Non-Doc. Orders, 12/28/2022; 01/13/2023. On January 3, 2023, the plaintiffs filed their first amended complaint, which named Trivest as a new defendant and removed Pink Energy as a defendant. ECF Doc. 30. In April 2023, Judge Ruiz issued an order staying the case pending his rulings on GoodLeap's motion to

4

dismiss and compel arbitration (ECF Doc. 31) and the plaintiffs' motion to conduct limited discovery (ECF Doc. 34). ECF Doc. 42. Judge Ruiz recused himself on June 7, 2023. ECF Doc. 44. The Clerk of Court reassigned the case to Judge John R. Adams, who recused himself about one week later. ECF Doc. 44. The Clerk of Court reassigned the case to this Court on June 15, 2023. ECF Doc. 45; Non-Doc. Order 06/15/2023.

The following day, the Court directed the parties to explain why it should not apply the first-to-file rule and dismiss this case without prejudice. ECF Doc. 46. The plaintiffs filed their response on June 21, 2023. ECF Doc. 48. On July 11, 2023, Trivest and Mr. Waller filed their replies. ECF Docs. 50, 51.

Before Judge Ruiz's recusal, the parties filed four motions that are ripe and still pending before the Court. They include: GoodLeap's motion to dismiss the first amended complaint and compel arbitration (ECF Doc. 31); Mr. Waller's motion to dismiss the first amended complaint (ECF Doc. 32); the plaintiffs' motion to conduct limited discovery (ECF Doc. 34); and Trivest's motion to dismiss plaintiffs' first amended complaint (ECF Doc. 43).

The focus of this opinion and order is Trivest's motion to dismiss (ECF Doc. 43) under the first-to-file rule. The plaintiffs filed their response to Trivest's motion to dismiss on June 21, 2023. ECF Doc. 47. Trivest filed its reply on July 5, 2023. ECF Doc. 49.

First-to-File Rule Standard

Under the first-to-file rule, when two different district court cases involve nearly identical parties and issues, "the court in which the first suit was filed should *generally* proceed to judgment." *In re Reese*, 2021 U.S. App. LEXIS 22764, at *5 (6th Cir. July 30, 2021) (quoting *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007). It is a "prudential doctrine" that is meant to "encourage comity among federal courts of

equal rank." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (citations omitted); *see also Certified Restoration Dry Cleaning Network*, 511 F. 3d at 551). The first-to-file rule reflects the common sense need to "manage overlapping litigation across multiple districts," conserve judicial resources, minimize "duplicative or piecemeal litigation," and protect the "parties and the courts from the possibility of conflicting results." *Baatz*, 814 F.3d at 789. "Duplicative" suits "must involve 'nearly identical parties and issues.' " *Id.* (quoting *Certified Restoration Dry Cleaning Network*, 511 F.3d at 551).

Under the first-to-file rule, courts evaluate three factors: (1) chronology of events; (2) similarity of the parties involved; and (3) similarity of the issues or claims at stake. *Baatz*, 814 F.3d at 789. If each factor is satisfied, the first-to-file-rule presumptively applies. *Id.* But a court must also consider whether equitable considerations such as "inequitable conduct, bad faith, anticipatory suits, or forum shopping" weigh against applying the first-to-file rule. *Id.* The court presiding over the latter-filed case has four options: "(1) dismiss the case without prejudice; (2) transfer the second-filed case to the district in which the first-filed case is pending; (3) stay proceedings in the second-filed case while the first-filed court decides whether to retain or relinquish jurisdiction; or (4) proceed without interruption." *Peters v. Inmate Servs. Corp.*, 2018 U.S. Dist. LEXIS 230849, at *4 (N.D. Ohio Jan. 11, 2018). This Court has discretion when applying the first-to-file rule. *Img Worldwide, Inc. v. Baldwin*, 2010 U.S. Dist. LEXIS 81380, at *14 (N.D. Ohio Aug. 11, 2010) (citing *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001)).

<u>First-to-File Rule Analysis</u>

Under the first factor, the procedural chronology is clear. The plaintiffs' original complaint predates the Michigan class action suit by approximately five months. The plaintiffs

filed a first amended complaint naming Trivest as a defendant approximately seven weeks after the Michigan class action complaint was filed. Even so, the date of the plaintiffs' original complaint controls for the first-to-file chronology. *See Zide Sport Shop*, 16 F. App'x at 437 ("For purposes of first-to-file chronology, the date that an original complaint is filed controls."). The defendants do not provide any Sixth Circuit authority or case law to the contrary. Therefore, Trivest cannot satisfy the first factor under the first-to-file rule.

      Moving to the second factor, the Court considers the similarity of the parties involved. The parties in Mr. and Mrs. McConville's case and the Michigan class action suit are not "perfectly identical," but they "substantially overlap." *See Baatz*, 814 F.3d at 790 ("The first-to-file rule applies when the parties in the two actions 'substantial[ly] overlap,' even if they are not perfectly identical."). The financial institution, GoodLeap, is not the primary target of the plaintiffs' action; Pink Energy and its former CEO, Mr. Waller, who purportedly spearheaded the "designing, implementing, and teaching [of] the fraudulent sales practices" are the critical actors. ECF Doc. 30, ¶ 24. Moreover, Trivest is a named defendant in both cases for allegedly participating in Pink Energy and Mr. Waller's fraud. *See Plating Res., Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999) (noting that the second factor does not require the "precise identity" of the parties in both cases); *see also Fryda v. Takeda Pharm. N. Am., Inc.*, 2011 U.S. Dist. LEXIS 42221, at *13 (N.D. Ohio Apr. 13, 2011) (finding the presence of two additional defendants is not enough to overcome the otherwise substantial similarity between the defendants in both cases). Given the broad definition of the putative class, Mr. and Mrs. McConville would undoubtedly meet the requirements and potentially become parties in both actions. Therefore, the second factor is satisfied.

Under the third factor, the Court considers the similarity of the issues or claims at stake. Although none of Mr. and Mrs. McConville's specific claims appear in the Michigan class action complaint, both cases are "substantially similar" because they arose from the same factual circumstances, over the same period, and seek similar relief. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998) ("Exact parallelism is not required; it is enough if the two proceedings are substantially similar."). Both cases stem from Pink Energy's purported scheme to deceive, mislead, and pressure homeowners into buying overpriced and defective solar panels during 2018 to 2022. Additionally, Mr. and Mrs. McConville and the class action plaintiffs seek economic damages from installing the defendants' products in their homes. Therefore, the third factor is satisfied. Finally, there is no evidence in this case of inequitable conduct, bad faith, anticipatory suits, or forum shopping by any party that would weigh against the rule's application.

While Trivest satisfied the second and third factors in the first-to-file rule and there are no equitable considerations that weigh against the rule's application, it did not satisfy the first factor. The plaintiffs in this case were the earlier-filers, while the plaintiffs in the Michigan class action suit were the later-filers. Accordingly, the first-to-file rule does not provide a basis for Trivest's requested relief.

Transfer of Venue Standard under 28 U.S.C. § 1404(a)

Title 28 U.S.C. § 1404(a) governs motions to transfer. It provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). A district court may transfer a case under § 1404(a) *sua sponte*. *Carver v. Knox County Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989) ("In fact, 28 U.S.C. § 1404(a) does not require a motion; a

district court may transfer a case sua sponte."), *cert. denied*, 495 U.S. 919, 110 S.Ct. 1949 (1990). When considering *sua sponte* transfer of venue, the court "should make that possibility known to the parties so that they may present their views about the desirability of possible transfer and the possible destination." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3844; *see also Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006)).

In this case, none of the parties have filed a motion seeking the transfer of venue or raised the possibility in their pleadings or responses. Even so, the parties are aware of the related class action suit pending in the Eastern District of Michigan. In May 2023, this Court decided the related case, *Davis v. Tech. Credit Union*, where the plaintiffs' counsel represented the plaintiff in that case, and Trivest and Mr. Waller were named defendants. In *Davis v. Tech. Credit Union*, the Court dismissed the case without prejudice under the first-to-file rule and specifically noted the existence of the related Michigan class action suit. Following the Court's decision in *Davis v. Tech. Credit Union*, both parties submitted memorandum in this case where they could have presented their views on the desirability of transferring this case to the Eastern District of Michigan. Neither party addressed the matter. Therefore, the Court finds that it afforded the parties a sufficient opportunity to present their views on the transfer of venue under § 1404(a).

Transfer of Venue Analysis under 28 U.S.C. § 1404(a)

District courts have wide discretion in deciding motions to transfer. *Zimmer Enters. v. Atlandia Imps., Inc.*, 478 F. Supp. 2d 983, 990 (S.D. Ohio 2007) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S. Ct. 805 (1964)). The first inquiry is whether the proposed alternative venue—the Eastern District of Michigan—is a district where the action may have been brought. *See* § 1404(a). The inquiry consists of three questions: (1) whether the court in the Eastern

District of Michigan could exercise original jurisdiction over this case; (2) whether the court would have personal jurisdiction over the defendants; and (3) whether venue would be proper in that court. *See Zimmer Enters.*, 478 F. Supp. 2d at 990 (citation omitted).

The answer to all three of these questions is yes. The Eastern District of Michigan would have jurisdiction under 28 U.S.C. § 1332, as the plaintiffs are residents of Ohio, and the defendants are residents of North Carolina (Mr. Waller), Florida (Trivest), and California (GoodLeap). Additionally, the amount in controversy exceeds $75,000. ECF Doc. 30, ¶ 8. Second, the Eastern District of Michigan would have personal jurisdiction over the defendants because it appears that they had certain minimum contacts with the forum by operating their business and maintaining an office in the district. ECF Doc. 1, ¶¶ 16-19 (EDMI Case no. 4:22-cv-12743-FKB-CI). Third, venue would be appropriate in the Eastern District of Michigan under 28 U.S.C. § 1391(b) due to a substantial part of the events or omissions giving rise to the claims occurring in the forum, or a substantial part of the property that is the subject of the action being situated in the forum.

Next, the Court must weigh case-specific factors such as "the convenience of parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading [of] the interest of justice." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (internal quotations and citation omitted). "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Id.* (citation omitted). Case-specific factors include, but are not limited to:

    (1) the nature of the suit;
    (2) the place of events involved;
    (3) relative ease of access to sources of proof;
    (4) nature and materiality of testimony to be elicited from witnesses who must be transported; and
    (5) residences of parties.

    Private factors include:

    (1) the relative ease of access to sources of proof;
    (2) the availability of compulsory process for attendance of unwilling witnesses;
    (3) the cost for obtaining attendance of willing witnesses;
    (4) the possibility of inspecting the premises, if appropriate; and
    (5) all other practical problems that make trial of a case easy, expeditious and inexpensive.

    Public interest factors include:

    (1) administrative difficulties of courts with congested dockets;
    (2) the burden of jury duty on members of a community with no connection to the litigation;
    (3) the local interest of having localized controversies decided at home; and
    (4) the appropriateness of having diversity cases tried in a forum which is familiar with the governing law.

*Krawec v. Allegany Co.-op Ins. Co.*, 2009 U.S. Dist. LEXIS 57792, at *14-15 (N.D. Ohio July 7, 2009).

    The Court focuses on the factors that are relevant to its decision to transfer venue to the Eastern District of Michigan. *See id.* at *16 ("A Court need not extensively discuss each of the 15 previously mentioned factors, but should instead focus its analysis on those factors that are particularly relevant to a given transfer determination.").

    The most critical interest in this case is avoiding duplicative, parallel litigation in different districts. "Although there is no precise rule that, as between federal district courts, one court should defer to the other, the general principle is to avoid duplicative litigation." *In re American Medical Systems, Inc.*, 75 F.3d at 1069, 1088 (6th Cir. 1996). The Court sees little sense in litigating closely related, parallel proceedings before two different judges, in two different districts, in two different states. When the plaintiffs amended their complaint and added Trivest as a defendant, this case became virtually the same case as *Davis v. Tech. Credit Union*, and consequently, warrants a similar disposition. Permitting the plaintiffs in this case to

11

proceed nearly parallel to the Michigan class action suit would create exactly the duplicative litigation that the transfer rule exists to prevent.  Even with a five-month head start, the plaintiffs are no further ahead than the plaintiffs in the Michigan class action.  In both cases, the parties find themselves stalled at the motion to dismiss stage.

While the plaintiffs' choice of forum is also a factor, it should be "weighed equally with other relevant factors."  *Krawec*, 2009 U.S. Dist. LEXIS 57792, at *16 (citation omitted). Presumably, the plaintiffs chose the Northern District of Ohio because they live in Northeast Ohio, this is where at least some of events transpired, they desire to have their case tried and decided before a local jury, and financial, logistical, and familial reasons favor this district.  Even so, their interests do not outweigh the need to avoid duplicative, piecemeal, and parallel litigation, to conserve judicial resources, and to protect against inconsistent rulings on similar issues.  Finally, the interests of fairness and practicality strongly favor the Eastern District of Michigan as the transfer forum.  Specifically, the substantial overlap between this case and the Michigan class action suit, where Trivest, Mr. Waller, and Pink Energy are named defendants; the broad definition of the putative class that would undoubtedly include Mr. and Mrs. McConville; and the substantially similar factual circumstances giving rise to both cases, over the same period that lead the plaintiffs in both cases to seek similar economic relief, support the Court's conclusion that transferring this case to the Eastern District of Michigan is a fair and practical outcome.

Therefore, the Court exercises its discretion under § 1404(a) and transfers this case to the Eastern District of Michigan.  Accordingly, the Court need not address Trivest's remaining motion to dismiss arguments, nor the parties' outstanding motions.

<u>Conclusion</u>

The Court finds that Trivest failed to satisfy the first-to-file rule factors. The Court *sua sponte* transfers this case under 28 U.S.C. § 1404(a) to the Eastern District of Michigan in the interest of avoiding duplicative, piecemeal, and parallel litigation in different districts, conserving judicial resources, and protecting against inconsistent rulings on similar issues. Accordingly, the Court <u>DENIES</u> Trivest's motion to dismiss (ECF Doc. 43) and <u>TRANSFERS</u> this case to the Eastern District of Michigan, where the related class action suit is pending. The Court <u>DISMISSES WITHOUT PREJUDICE</u> the defendants' remaining motions to dismiss (ECF Docs. 31, 32) and the plaintiffs' motion for limited discovery (ECF Doc. 34).

IT IS SO ORDERED.

Date: July 20, 2023

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge